224 So.2d 673

**Delorise Ann Kelley AYERS**

v.

**Jerry Lee KELLEY.**

**7 Div. 804.**

Supreme Court of Alabama.

June 12, 1969.

James F. Berry, Cullman, for appellant.

Merrill, Merrill, Vardaman & Williams, Anniston, for appellee.

PER CURIAM.

Appellant appeals from a final decree of the Circuit Court, in Equity, of Calhoun

County denying relief in her petition for custody of her minor child.

Appellee and appellant were once husband and wife, to which union a child, Sherry Lee Kelley, was born. This child is the subject of a custodial controversy now under consideration in this appeal.

Mrs. Ayers obtained an uncontested Georgia decree of divorce from appellee in 1960. The decree, without objection thereto, awarded custody of the minor child, Sherry Lee Kelley, to Sherry Lee's mother, subject to visitation rights to be exercised by the father.

The mother remarried and became the mother of two more children by her second husband. In 1966, due to financial reverses and poor health, she voluntarily surrendered custody of the child to appellee, who likewise had remarried, but without living children. The father brought the child to his home in Alabama.

Subject to this rearranged custody, appellee, on July 12, 1966, filed his petition in the Circuit Court, in Equity, of Calhoun County for custody of the child. He averred a change of circumstances since the custodial award to the mother in 1960. The averments were that the former wife, appellant, had remarried and had become the mother of two other children whose father was the second husband.

The respondent (appellant) accepted service of a copy of the custodial petition and consented in writing, witnessed by a notary public of Chatham County, Georgia, to the jurisdiction of the Circuit Court of Calhoun County, Alabama; also she admitted the allegations of appellee's petition. She also averred in her answer that it was to the best interests of the minor child, Sherry Lee Kelley, that the custody be awarded to her father, who is appellee here. She joined in a prayer for a decree awarding the custody to the father. The trial court, after considering the evidence that was taken by deposition, awarded custody to the father.

Being unhappy and dissatisfied with the custodial award to which she had agreed and consented, appellant reactivated the 1966 proceeding by filing her petition on August 9, 1967, praying for custody of the child with visitation rights to be accorded the father.

Nowhere in the pleading before us does petitioner contend that the Georgia decree is controlling and has priority over the Alabama decree awarding custody to the father. It appears to us that under the circumstances the Alabama decree in 1966 superseded the Georgia decree, and that the Alabama circuit court, under the averments of appellant's petition and the evidence, acquired jurisdiction of the child. The mother's consent to such jurisdiction was surplusage and without legal efficacy. Winston v. Winston, 276 Ala. 303, 161 So.2d 588. The child was in Alabama with the consent and approval of appellant. The mother in the instant proceeding invoked the aid of the same court that gave custody to the father. No contention was made in her petition that the Georgia decree was controlling.

The issue presented in the trial court was whether or not it was to the best interest of the child to stay in Alabama with the father or to return to Georgia in the lawful custody of her mother. That is the issue on this appeal.

Courts of equity are general guardians of all infants within their jurisdiction. Wright v. Price, 226 Ala. 468, 147 So. 675; 12 Alabama Digest, Infants, ☞ No. 18. Any matter affecting a child may become the subject of chancery jurisdiction, irrespective of the manner in which the jurisdiction is invoked. Ex parte Bates, 247 Ala. 391, 24 So.2d 421. Courts of chancery have jurisdiction over the custody and care of minor children. Chandler v. Whatley, 238 Ala. 206, 189 So. 751. In a suit for the protection of an infant, the infant becomes the ward of the court and is under the court's general supervision. Ward v. Jossen, 218 Ala. 530, 119 So. 220.

The well-being of the infant is the paramount consideration. McDaniel v. Youngblood, 201 Ala. 260, 77 So. 674; Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393.

A delineation of the testimony taken orally before the Chancellor would unduly burden this opinion. We have carefully read the text of the evidence appearing in the transcript. We conclude that it overwhelmingly supports the decree of the Chancellor, which denied relief to appellant. The second husband did not appear and testify. We have no way of knowing what his attitude was toward a return of the child to his home. There is some testimony which indicates that he might have been unkind to the child or abusive toward her. Neither does it appear that the finances of the second husband have improved, although, according to the testimony of appellant, he was on the approved list for employment as a merchant seaman, but had not been called for such service. Appellant, during the time or part of the time she had custody of the minor, was employed as a car-hop at a food service center.

The ward, in custody of her father, is housed in a reasonably spacious home with adequate back-yard space that is properly fenced for her protection. The evidence indicates that the stepmother is quite fond of the child and takes a decided interest in her welfare. We are impressed that the welfare of the child is better promoted while in the custody of her father than it would be in the crowded home of her mother, with surroundings that are not as pleasant as those in the home of the father.

■ We adhere to our rule in a child custody case, as in others, where the testimony is taken orally before the circuit court in equity, that the finding will not be disturbed on appeal unless palpably wrong. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563.

■ Independent of this rule, we conclude from the evidence that the trial court was on eminently solid ground when it denied relief to petitioner. We think the final decree, which is the subject of the instant appeal, should be and it is affirmed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.