460 So.2d 167 (1984)
Ex parte Brenda HANDLEY, n/k/a Brenda Handley Richards.
(Re Bobby L. HANDLEY and Marlene M. Handley v. Brenda HANDLEY n/k/a Brenda Handley Richards).
83-317.
Supreme Court of Alabama.
July 20, 1984.
*168 David H. Meginniss of Hornsby, Blankenship, Robinson & Meginniss, Huntsville, for petitioner.
J. Zach Higgs, Jr. of Higgs & Conchin, Huntsville, for respondents.
MADDOX, Justice.
The issue before the Court on this appeal is whether a trial court has equitable authority to grant a natural mother attorney's fees for successfully defending an attempt by paternal grandparents to gain custody or visitation rights to minor children. This question is one of first impression in this state.
The facts and proceedings are not in dispute and are amply set forth in the Court of Civil Appeals' opinion, 460 So.2d 162; therefore, we set out only a synopsis of the facts in this opinion.
Paternal grandparents petitioned for permanent custody of their three grandchildren, alleging that it was not in the children's best interests to remain with their mother. A guardian ad litem was appointed to represent the interests of the children. The children's mother counterclaimed for a reasonable attorney's fee. The grandparents objected to the filing of the counterclaim and amended their original complaint, asking that they at least be awarded visitation rights.
After a hearing, the trial court denied the grandparents' request for custody and visitation rights, and awarded to the mother the amount of her attorney's fees in this case. The trial court also ordered the grandparents to pay court costs and the guardian ad litem fee. Following the trial court's denial of their post-trial motions, the grandparents appealed.
The Court of Civil Appeals affirmed the trial court's custody and visitation decision, but reversed the award of attorney's fees to the mother. The mother petitioned this Court for certiorari to review the attorney fee issue.
The Court of Civil Appeals held that "[i]n Alabama, attorneys' fees are recoverable only where authorized by statute, when provided in a contract or in an equitable proceeding where the efforts of an attorney create a fund out of which fees may be paid," citing Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979), quoting State ex rel. Payne v. Empire Life Insurance Co. of America, 351 So.2d 538 (Ala. 1977), cert. denied, 435 U.S. 969, 98 S.Ct. 1607, 56 L.Ed.2d 60 (1978); and Parker v. Jefferson County Commission, 347 So.2d 1321 (Ala.1977).
The Court of Civil Appeals reasoned:
"Attorney's fees have been awarded to the mother in child custody cases, but in those cases, the father has been the party required to pay the fees, the authority for the award arising from the marital relationship. Torme v. Torme, 251 Ala. 521, 38 So.2d 497 (1949).
"Since there has been no marital relationship between the parties, no statute *169 authorizing the award of attorney's fees, and no fund created for such purpose, we hold that the trial court had no legal basis for requiring the [Handleys] to pay the mother an attorney's fee. This aspect of the decree is reversed."
We agree with the Court of Civil Appeals that this case does not fall within the category of those cases in which attorneys' fees have been awarded to a party, and we agree that our prior cases which have allowed attorneys' fees in custody cases have been cases in which the parties were married, or were divorced from each other; therefore, we must determine whether the rule should be extended to custody cases involving parties who are strangers to the marital relationship.
As we have previously indicated, this is a question of first impression in this state, but we are convinced, after a study of cases in which attorneys' fees have been awarded in equity cases, that the trial court's award of attorney's fees to the mother was equitable and just and should have been sustained.
We first set forth some well recognized equitable principles which are applicable in child custody proceedings. First, a pleading which, upon its face, concerns the welfare of a minor child is sufficient to invoke the equity jurisdiction of the court. Tcherneshoff v. Tcherneshoff, 283 Ala. 700, 220 So.2d 888 (1969), and courts do not merely have jurisdiction over the custody of minor children, but also have jurisdiction over the care of minor children. Ayers v. Kelley, 284 Ala. 321, 224 So.2d 673 (1969); Chandler v. Whatley, 238 Ala. 206, 189 So. 751 (1939).
Second, when a proceeding is instituted to determine the custody of a minor child, that child immediately becomes a ward of the court. Department of Pensions and Security v. Oswalt, 275 Ala. 63, 152 So.2d 128 (1963); Esco v. Davidson, 238 Ala. 653, 193 So. 308 (1940). The wellbeing of the minor child is of paramount consideration, Ayers v. Kelley, supra, and thus, once equity jurisdiction of the court is invoked, any matter affecting a child may become the subject of chancery jurisdiction. Ayers v. Kelley, supra. This premise is based on the familiar principle that "[e]quity grants full relief when it has jurisdiction on any equitable ground to grant relief. Having assumed jurisdiction of a part, the court will determine all interrelated equities of the whole. Equity delights to do justice and not by halves." Moore v. Moore, 255 Ala. 393, 51 So.2d 683 (1951). In other words, when a court of equity takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice with respect to matters which directly result from its decree. Hall v. Hall, 280 Ala. 275, 192 So.2d 727 (1966); Lamar v. Lamar, 263 Ala. 391, 82 So.2d 558 (1955). Applying these principles, it is apparent that a court of equity, in Alabama, is authorized to mold its decree in order to adjust the equities of the parties and meet the necessities of each situation. First Alabama Bank of Montgomery, N.A. v. Martin, 425 So.2d 415 (Ala.1982), cert. denied, 461 U.S. 938, 103 S.Ct. 2109, 77 L.Ed.2d 313 (1983).
In the instant case, the trial court, invoking equitable jurisdiction, resolved the custody issue by rendering a decision in which it determined that it was consistent with the best interests of the children to leave their custody with their mother. In accordance with this decision, the trial court also awarded attorney's fees to the mother.
In order to defend her right to the continued custody of her children, which the trial court determined was in their best interest, the mother was completely justified in having counsel to aid her, and we believe a principle of law set out in Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1968), a proceeding by a divorced wife to modify provisions in a divorce decree relating to custody and support of a minor child, is applicable here. In Brock, this Court held, as follows:
"The court had full authority to award a reasonable attorney's fee. Keith v. Paden, 255 Ala. 294, 51 So.2d 9. True, such matter is largely in the discretion of *170 the trial court. Here, however, Susan's efforts to renegotiate the support payments had been unsuccessful. It was necessary for her to resort to judicial aid in her attempt to compel a renegotiation. Counsel to aid her was essential. Under these circumstances it appears to us that refusal of reasonable counsel fees to complainant must be considered an abuse of discretion, and we hold that the court erred in denying such fee."
The Court of Civil Appeals discussed the Brock case, but apparently thought the rule of that case was inapplicable, because Brock involved a marital relationship and the instant case does not. As we read the Brock case and the principles of law stated therein, it did not turn so much on the relationship of the parties as it did on the fact that the mother found it necessary to hire counsel and resort to judicial proceedings to get relief.
In Brock, this Court cited Keith v. Paden, 255 Ala. 294, 51 So.2d 9 (1951), which holds that "where the divorce decree provided for alimony and maintenance, such provision continues to be within the power of the court to modify on account of changed conditions and, since the court retains such right, there is incidental to it also the right to an attorney's fee under proper circumstances." (Emphasis added.) While Brock arguably could be said to hold only that attorneys' fees can be awarded in a proceeding which seeks to change support payments, as opposed to custody, we think there is no just reason why an equity court, when it assumes jurisdiction of a proceeding to change the custody of children, could not, within its discretion, award a reasonable attorney's fee, even though there is no marital relationship between the litigants.
We hold, therefore, that the Court of Civil Appeals erred in determining that "since there was no marital relationship between the wife and the grandparents," the trial court had no authority to award the mother an attorney's fee. The judgment of the Court of Civil Appeals, therefore, is due to be reversed.
REVERSED AND REMANDED.
JONES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., and FAULKNER, ALMON and SHORES, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I dissent, because reliance on the case of Brock v. Brock, 281 Ala. 525, 205 So.2d 903 (1968), for support in creating what the majority admits is new law is misplaced.
In Brock the mother sought to modify a child custody and support decree. The father and paternal grandparents had custody for two months each summer. The father made child support payments. The mother wanted to eliminate all custody rights in the father and paternal grandparents and have the child support payments made by the father increased. This Court found the trial court erred in confirming the Register's report, which denied an increase in child support, but this Court affirmed the trial court's decision not to change the custody provisions.
In effect, the father prevailed on one issue and lost on another, while the paternal grandparents prevailed on the only issue concerning them. The majority opinion in this case would conclude that the Brock Court held it was proper to assess attorney fees against a party who prevails on the merits (the grandparents). I do not read Brock that way and suggest that a careful reading reveals that the award was made only against the father.
First, the case cited by the Brock Court, Keith v. Paden, 255 Ala. 294, 51 So.2d 9 (1951), in support of its conclusion that attorney fees could be awarded was the usual mother-father case. Second, the Court refers to the mother's efforts to modify the child support provisions, which related only to the father, and concludes that "[u]nder these circumstances" the refusal to award attorney fees to the mother was an abuse of discretion. Brock, 281 Ala. at 532, 205 So.2d 903. This passage is *171 sufficiently clear to indicate the attorney fee award was made on the basis of the dispute between the mother and father.
Brock simply does not support the majority opinion's conclusion that attorney fees could be awarded in child custody cases where there is no marital relationship between the parties. The decision to award attorney fees in a case such as this is a reflection of a change of policy by this Court and should be recognized as such.
FAULKNER, ALMON and SHORES, JJ., concur.