This case involves a petition for modification of a divorce decree.
Billy Deal (stepfather) and Leona Deal (mother) were divorced on November 20, 1987. The parties entered into an agreement pertaining to child custody and support, and that agreement was made a part of the divorce decree. The pertinent part of that agreement is as follows:
 "1) The Husband shall have the sole custody and control of said minor children of the parties, Darlene Rene Deal, age 11 years and Marjorie Inez Deal, age 7 years and the minor step-children of the Husband, Lovina Marie Sawyer, age 17 and Elizabeth Ann Sawyer, age 14, subject to the following visitation rights of the Wife:
". . . .
 "7.) The Wife shall assist in the payment of parties' outstanding financial obligations and assist in the support and maintenance of all said minor children by paying $500.00 a month to Husband with the first said payment being made within 30 days of the execution of this Agreement. Said support payments shall continue until all said minor children attain the age of nineteen (19) or are emancipated."
On June 10, 1988, the mother filed a petition for rule nisi requesting the trial court to order the stepfather to appear and show cause why he should not be adjudged in contempt of court regarding visitation.
Also, on June 10, 1988, she filed a petition for modification requesting the court to grant her custody of the four minor children, and to order the father to pay the sum of $500 per month for support of "these children."
On August 16, 1988, the trial court ordered that the custody of the stepchildren, Lovina Marie Sawyer and Elizabeth Ann Sawyer, be removed from Billy Deal and returned to the mother; that the custody of Darlene Rene Deal and Marjorie Inez Deal, remain as ordered in the divorce; and that the mother's child support obligation be reduced to $250 per month. The court further ordered the stepfather to pay to the mother a sum of $250 per month as child support for the two stepchildren returned to the custody of the mother.
On September 14, 1988, the stepfather filed a motion for new trial or alternatively to alter or amend the judgment. It is after denial of this motion that the stepfather appeals.
The dispositive issue on appeal is whether the trial court committed reversible error by imposing a post divorce duty on a former stepparent wherein it ordered the former stepparent to pay child support for unadopted stepchildren.
It has long been established by Alabama law that a former stepfather is under no legal obligation to support his former minor stepchildren. See Englehardt v. Yung's Heirs, 76 Ala. 534
(1884), as cited in Annette B. v. Holder, 494 F. Supp. 814
(M.D. Ala. 1980).
Where the mother marries another, the stepfather does not per se incur an obligation to support her child, but when he takes the child into his family, he puts himself in loco parentis, and has a primary duty, along with the mother, to support the child while such relation exists. Chandler v. Whatley, 238 Ala. 206,189 So. 751 (1939).
Here it is established by the testimony that he never formally adopted Lovina and Elizabeth Sawyer.
Although there is argument made that the former stepfather acted in loco parentis through his intent to care for the unadopted former stepchildren while in his custody, that argument is without merit. The record reveals that the former stepfather and natural mother are no longer legally married, and custody of the stepchildren *Page 782 
has been returned, by order of the court, to their natural mother. We find that the former stepfather is no longer acting in loco parentis, and that he is under no legal obligation to support his former unadopted stepchildren.
The trial court erred in ordering the former stepfather to pay post divorce child support to the mother of former unadopted stepchildren.
This case is due to be reversed and remanded with directions to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM P.J., and RUSSELL, J., concur.