ROBERTSON, Presiding Judge.
Wallace Michael Lipscomb (husband) and Rose B. Lipscomb (wife) were married in 1975. The marriage produced no children; however, the husband has an adult daughter, Kristin McCoy, from a previous marriage. At some time before the instigation of the proceedings in this case, the parties were awarded custody of Kristin’s six-year-old daughter, Sarah, by the Shelby County Juvenile Court. Sarah has lived with the parties for the last five years. Neither of the child’s natural parents is presently in a position to care for her.
In 1991, the husband filed a complaint for divorce in the Circuit Court of Shelby County. On December 14, 1992, following an ore tenus hearing, the trial court entered a final judgment of divorce. The trial court, among other things, awarded the wife primary custody of Sarah; directed the husband to make monthly alimony payments of $2,200, to make monthly child support payments of $1,750, to maintain a life insurance policy to cover future support payments, to maintain medical insurance and to pay one-half of all uncovered medical bills for Sarah, and to pay the fees of the wife’s attorney in the amount of $14,000. The trial court further ordered the sale of the parties’ residence and an equal division of the proceeds derived therefrom.
On January 15, 1993, the husband filed a motion to reconsider or to amend the final judgment and for a new trial. In his motion, the husband protested the amount of the attorney’s fees awarded, opposed the orders to pay child support and to maintain life and medical insurance for Sarah’s benefit, and sought further instructions on the sale of the residence. Meanwhile, on January 25, 1993, the husband filed a notice of appeal to this court. On February 12, 1993, the trial court purported to rule on the husband’s post-judgment motion. In the February 12 order, the court stated that it refused to reconsider the provisions regarding child support and insurance for Sarah, but that it was amending the final judgment to set terms and a schedule for the sale of the residence. Later the same day, the husband filed a motion to stay execution and/or collection of judgment pending appeal. The trial court denied that motion on February 26, 1993.
The husband raises four issues on appeal: (1) whether the trial court had authority to rule on a party’s postjudgment motion after that party filed a timely notice of appeal; (2) whether the residence may be sold as set forth in the February 12 order; (3) whether it was proper for the trial court to order the husband, as noncustodial grandparent, to pay child support; and (4) whether the trial court’s award of attorney’s fees in the amount of $14,000 was excessive.
We first address the issue of whether the trial court had authority to rule on the husband’s postjudgment motion. A notice of appeal filed by a party within 42 days of the entry of judgment works as a withdrawal of a pending postjudgment motion filed by the same party. Herring v. Shirah, 542 So.2d 271 (Ala.1988).
In this case, the husband’s post-judgment motion was withdrawn when he filed his notice of appeal. Therefore, the trial court had no authority to enter its amended order of February 12, 1993. Consequently, the parties are required to comply with the directives of the final judgment of divorce entered on December 14, 1992, regarding the sale of the residence and the division of the proceeds.
We now address the issue of whether it was proper for the trial court to order the *986 husband, as a noncustodial grandparent, to pay child support. At the final hearing, the wife testified that she had spent the majority of her time over the last five years caring for Sarah, and that she wanted custody of the child. The husband agreed that it would be in his granddaughter’s best interests to be in the custody of the wife. The trial court awarded custody of Sarah to the wife and ordered the husband to pay child support in the amount of $1,750 per month.
We find no precedent in this state for holding grandparents responsible for the support of their grandchildren. However, the general rule followed in other jurisdictions, which we find persuasive, is that grandparents are responsible for supporting their grandchildren only when they stand in loco parentis to them. See, e.g., Franklin v. Franklin, 75 Ariz. 151, 253 P.2d 337 (1953); Austin v. Austin, 147 Neb. 109, 22 N.W.2d 560 (1946). Like stepparents, grandparents can stand in loco parentis to their grandchildren by taking them in and treating them as part of the family. Franklin, 253 P.2d at 340; cf. Deal v. Deal, 545 So.2d 780 (Ala.Civ. App.1989) (stepfather who took child into family put himself in loco parentis). The in loco parentis relationship continues for as long as the grandchild lives with the grandparents, but it can be terminated by the grandparents at any time. Franklin, 253 P.2d at 340; cf. Deal, 545 So.2d at 781-82 (in loco parentis relationship between stepfather and unadopted children terminates upon divorce of stepfather and the children’s natural mother where court awards custody to mother).
The wife contends that the husband should pay child support because “he is flesh and blood to Sarah.” We find no precedent in any jurisdiction to support an “in loco paren-tis relationship” based solely on a blood relationship.
We hold that the trial court erred in its award of child support in this case. A contrary holding would certainly have a chilling effect on the willingness of grandparents and others to provide for the temporary care and welfare of minor children. We therefore reverse as to the trial court’s award of child support.
Finally, the husband contends that the fees awarded to the wife’s attorney were excessive. It is well established that the award of attorney’s fees in a divorce action is within the sound discretion of the trial court, and such award will not be set aside on appeal unless there is an abuse of discretion. Smith v. Smith, 578 So.2d 1342 (Ala.Civ.App. 1991). Factors to be considered include the earning capacity and financial circumstances of the parties. Id. The trial court received ore tenus evidence regarding the attorney’s fees that is not included in the appellate record. Evidence before the trial court that is not made a part of the record on appeal is conclusively presumed to support the trial court’s decree. Rush v. Rush, 551 So.2d 1075 (Ala.Civ.App.1989); English v. English, 352 So.2d 454 (Ala.Civ.App.1977). Therefore, we find no abuse of discretion.
The trial court’s judgment is affirmed in part and reversed in part, and this case is remanded to the trial court for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THIGPEN and YATES, JJ., concur.