660 So.2d 986 (1994)
Ex parte Rose B. LIPSCOMB.
(In re Wallace Michael LIPSCOMB v. Rose B. LIPSCOMB).
1930757.
Supreme Court of Alabama.
August 26, 1994.
Rehearing Denied February 10, 1995.
*988 Stephen R. Arnold of White, Dunn & Booker, Birmingham, for petitioner.
W. Wheeler Smith of Smith, Blocker & Lowther, P.C., Birmingham, for respondent.
STEAGALL, Justice.
Michael and Rose Lipscomb were divorced in 1992. Although they had no children from their marriage, they had been sharing legal custody of Michael's granddaughter. The child's mother was Michael's adult daughter from a previous marriage. Before the Lipscombs divorced, Michael's daughter had been incarcerated and the Lipscombs had petitioned the Juvenile Court of Shelby County for custody of the child; the juvenile court had granted them temporary custody.
As part of his complaint for divorce, filed in the Shelby Circuit Court, Michael asked the circuit court to award custody of the child to Rose and to order him to pay child support. The circuit court did so, ordering Michael to make monthly child support payments of $1,750, to maintain health insurance for the child, and to pay one-half of any medical bills the child incurred that were not covered by the insurance.
Michael appealed to the Court of Civil Appeals, arguing that the circuit court had erred in ordering him, a nonparent, to pay child support. The Court of Civil Appeals reversed the trial court's award of child support and held, in pertinent part, that although he had had custody of the child up until the divorce, Michael had no legal duty to support her. We granted Rose's petition for a writ of certiorari to consider whether the Court of Civil Appeals correctly held that the trial court erred in awarding child support.
Rose argued to the Court of Civil Appeals that Michael should be required to pay child support because the child was his own "flesh and blood." The Court of Civil Appeals correctly noted that there is no precedent in the state for imposing upon grandparents a legal duty to support their grandchildren solely because of the familial relationship, and we decline to establish such a precedent today. Rose further argued that Michael had an in loco parentis relationship with his granddaughter and that that relationship obligates him to support her. Under Deal v. Deal, 545 So.2d 780 (Ala.Civ.App. 1989), a nonparent who stands in loco parentis to a child may be held responsible for the child's support; however, the nonparent may escape this responsibility by dissolving the in loco parentis relationship. The evidence shows that Michael did have an in loco parentis relationship with his granddaughter, but that he terminated this relationship at the time of the divorce.
We agree that neither blood kinship nor his former in loco parentis relationship with his granddaughter imposes a duty of support upon Michael Lipscomb. Michael does, however, have a legal duty to support that arises from the legal custody of the child that he sought and obtained in the juvenile court. Ala.Code 1975, § 12-15-1(17), sets out the requirements of legal custody:
"LEGAL CUSTODY. A legal status created by court order which vests in a custodian the right to have physical custody of the child and to determine where and with whom he shall live within the state and the right and duty to protect, train and discipline him and to provide him with food, shelter, clothing, education, and ordinary medical care, all subject to the powers, rights, duties and responsibilities of the guardian of the person of the child and *989 subject to any residual parental rights and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by the juvenile court."

(Emphasis added.)
The juvenile court granted custody of the child, with an accompanying duty of support, to Michael and Rose pursuant to § 12-15-30, which grants the juvenile court exclusive jurisdiction to determine custody of a minor child who is before that court. Section 12-15-30 does not, however, "deprive other courts of the right to determine the custody or guardianship [of a child] when such custody or guardianship is incidental to the determination of cases pending in those courts." § 12-15-30(b)(1). Accordingly, the juvenile court and the circuit court may have concurrent jurisdiction over custody matters under certain circumstances.
Ordinarily, the circuit court in a divorce action may award custody "of the children of the marriage to either father or mother, as may seem right and proper," § 30-3-1; however, because the well-being of minor children is of paramount interest to the state, the circuit court also has jurisdiction to decide custody matters where nonparents are involved. Ex parte Handley, 460 So.2d 167 (Ala.1984). The circuit court's jurisdiction to do so is derived from the principles of equity; where a child is physically present within the jurisdiction of a circuit court in this state, the court has inherent authority to act to protect the welfare and best interests of the child. Handley. A party need not specifically invoke the circuit court's inherent jurisdiction; rather, any pleading showing on its face that the welfare of a child requires an order with respect to its custody and support is sufficient to invoke the jurisdiction of the circuit court to settle the matter. Handley. Once the circuit court's jurisdiction is thus invoked, any matter affecting a child may become the subject of its adjudication. Handley.
In his complaint for divorce, Michael himself asked the court to provide for the custody and support of the minor child, whose parents were unable to care for her; he thereby invoked its jurisdiction to order him to pay this support. Moreover, at the time of the divorce, Michael had "legal custody" of his granddaughter, as defined in § 12-15-1(17), and the consequent duty to support her. We do recognize that the rights of the child's parents have not been terminated and that the circumstances upon which the circuit court's determination was made are subject to change; however, matters of child custody are never res judicata, and the circuit court retains jurisdiction over the matter for modification upon a showing of changed circumstances. Ex parte Haynes, 392 So.2d 1187 (Ala.1980). We therefore conclude that the trial court did not err in ordering Michael to pay monthly child support and to provide medical insurance for the child.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for that court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
ALMON, SHORES, INGRAM and COOK, JJ., dissent.
ALMON, Justice (dissenting).
I agree with the Court of Civil Appeals in its discussion of the child support issue, and I agree with that portion of Justice Cook's dissenting opinion that reaches the merits of this issue. I express no opinion as to that portion of Justice Cook's opinion treating the question as one of jurisdiction. The notion of requiring a grandfather who formerly had custody of the grandchild to support the child has some appeal in these circumstances, because our sympathies naturally go with the child and because the State has a legitimate interest in protecting children. However, as stated by the Court of Civil Appeals and by Justice Cook, the grandfather no longer stands in loco parentis now that he no longer has custody, and there is no basis in law for requiring him to support the child. The majority, I am afraid, creates with this opinion a brand new child support obligation with no grounding in the obligations imposed on natural or adoptive parents or on persons *990 with legal custody. I do not know the source or limits of this obligation.
COOK, Justice (dissenting).
I dissent. I firmly believe that the result reached by the Court of Civil Appeals, although perhaps seemingly harsh, was correct. For the following reasons, I would quash the writ as improvidently granted.
In reversing the judgment of the Court of Civil Appeals, the majority states that "Michael does, however, have a legal duty to support that arises from the legal custody of the child that he sought and obtained in the juvenile court." 660 So.2d at 988 (emphasis added). Using this premise as a springboard, the Court then determines that the circuit court "did not err in ordering Michael to pay monthly child support and to provide medical insurance for the child." 660 So.2d at 989. I disagree. I believe the circuit court lacked jurisdiction to rule on the custody and support of the grandchild because this is not a child of the marriage between the grandfather and the grandmother. Section 30-3-1, Ala.Code 1975, states:
"Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper...."
In my opinion, the circuit court never obtained jurisdiction to determine the custody of this child, because she was not a child of the marriage and had not been legally adopted by the grandparents. The juvenile court was vested with jurisdiction over the custody of the grandchild; the juvenile court gave custody to the grandparents when the child's parents were incarcerated; and the juvenile court maintained jurisdiction over the custody and support of the child. The circuit court never acquired jurisdiction to rule on the issues of custody or support of the child.
Notwithstanding the jurisdictional question, I still would quash the writ. The facts indicate that the grandparents were awarded custody of the grandchild after the child's parents were incarcerated. The grandparents were under no obligation to take custody of the grandchild; however, they sought custody of the child and undertook the responsibility to care for her. While the grandparents did obtain custody of the child, they did not adopt her!
Section 12-15-1(17), Ala.Code 1975, defines "legal custody":
"LEGAL CUSTODY. A legal status created by court order which vests in a custodian the right to have physical custody of the child and to determine where and with whom the child shall live within the state and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, clothing, education, and ordinary medical care, all subject to the powers, rights, duties, and responsibilities of the guardian of the person of the child and subject to any residual parental rights and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by the juvenile court."
The grandfather and grandmother were given custody of the child by the juvenile court. In my opinion, that custody could be relinquished by either of them. Do we mean to imply that custody can not be relinquished once it is undertaken? Would such a ruling not have a chilling effect on the willingness of family members to take in minor relatives, for fear that once they acquired custody they could not relinquish it if their own situations should change? Apparently, the grandfather voluntarily relinquished any claims to custody of the child and was relieved by the juvenile court of any duties related to custody, although this occurred after the grandparents had divorced. Having relinquished his claims to custody, the grandfather can no longer be held responsible for financially supporting the grandchild. That responsibility is a parental responsibility.
SHORES and INGRAM, JJ., concur.