[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 988 
Michael and Rose Lipscomb were divorced in 1992. Although they had no children from their marriage, they had been sharing legal custody of Michael's granddaughter. The child's mother was Michael's adult daughter from a previous marriage. Before the Lipscombs divorced, Michael's daughter had been incarcerated and the Lipscombs had petitioned the Juvenile Court of Shelby County for custody of the child; the juvenile court had granted them temporary custody.
As part of his complaint for divorce, filed in the Shelby Circuit Court, Michael asked the circuit court to award custody of the child to Rose and to order him to pay child support. The circuit court did so, ordering Michael to make monthly child support payments of $1,750, to maintain health insurance for the child, and to pay one-half of any medical bills the child incurred that were not covered by the insurance.
Michael appealed to the Court of Civil Appeals, arguing that the circuit court had erred in ordering him, a nonparent, to pay child support. The Court of Civil Appeals reversed the trial court's award of child support and held, in pertinent part, that although he had had custody of the child up until the divorce, Michael had no legal duty to support her. We granted Rose's petition for a writ of certiorari to consider whether the Court of Civil Appeals correctly held that the trial court erred in awarding child support.
Rose argued to the Court of Civil Appeals that Michael should be required to pay child support because the child was his own "flesh and blood." The Court of Civil Appeals correctly noted that there is no precedent in the state for imposing upon grandparents a legal duty to support their grandchildren solely because of the familial relationship, and we decline to establish such a precedent today. Rose further argued that Michael had an in loco parentis relationship with his granddaughter and that that relationship obligates him to support her. Under Deal v. Deal, 545 So.2d 780
(Ala.Civ.App. 1989), a nonparent who stands in loco parentis to a child may be held responsible for the child's support; however, the nonparent may escape this responsibility by dissolving the inloco parentis relationship. The evidence shows that Michael did have an in loco parentis relationship with his granddaughter, but that he terminated this relationship at the time of the divorce.
We agree that neither blood kinship nor his former in locoparentis relationship with his granddaughter imposes a duty of support upon Michael Lipscomb. Michael does, however, have a legal duty to support that arises from the legal custody of the child that he sought and obtained in the juvenile court. Ala. Code 1975, § 12-15-1(17), sets out the requirements of legal custody:
 "LEGAL CUSTODY. A legal status created by court order which vests in a custodian the right to have physical custody of the child and to determine where and with whom he shall live within the state and the right and duty to protect, train and discipline him and to provide him with food, shelter, clothing, education, and ordinary medical care, all subject to the powers, rights, duties and responsibilities of the guardian of the person of the child and *Page 989 
subject to any residual parental rights and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by the juvenile court."
(Emphasis added.)
The juvenile court granted custody of the child, with an accompanying duty of support, to Michael and Rose pursuant to § 12-15-30, which grants the juvenile court exclusive jurisdiction to determine custody of a minor child who is before that court. Section 12-15-30 does not, however, "deprive other courts of the right to determine the custody or guardianship [of a child] when such custody or guardianship is incidental to the determination of cases pending in those courts." § 12-15-30(b)(1). Accordingly, the juvenile court and the circuit court may have concurrent jurisdiction over custody matters under certain circumstances.
Ordinarily, the circuit court in a divorce action may award custody "of the children of the marriage to either father or mother, as may seem right and proper," § 30-3-1; however, because the well-being of minor children is of paramount interest to the state, the circuit court also has jurisdiction to decide custody matters where nonparents are involved. Exparte Handley, 460 So.2d 167 (Ala. 1984). The circuit court's jurisdiction to do so is derived from the principles of equity; where a child is physically present within the jurisdiction of a circuit court in this state, the court has inherent authority to act to protect the welfare and best interests of the child.Handley. A party need not specifically invoke the circuit court's inherent jurisdiction; rather, any pleading showing on its face that the welfare of a child requires an order with respect to its custody and support is sufficient to invoke the jurisdiction of the circuit court to settle the matter.Handley. Once the circuit court's jurisdiction is thus invoked,any matter affecting a child may become the subject of its adjudication. Handley.
In his complaint for divorce, Michael himself asked the court to provide for the custody and support of the minor child, whose parents were unable to care for her; he thereby invoked its jurisdiction to order him to pay this support. Moreover, at the time of the divorce, Michael had "legal custody" of his granddaughter, as defined in § 12-15-1(17), and the consequent duty to support her. We do recognize that the rights of the child's parents have not been terminated and that the circumstances upon which the circuit court's determination was made are subject to change; however, matters of child custody are never res judicata, and the circuit court retains jurisdiction over the matter for modification upon a showing of changed circumstances. Ex parte Haynes, 392 So.2d 1187
(Ala. 1980). We therefore conclude that the trial court did not err in ordering Michael to pay monthly child support and to provide medical insurance for the child.
The judgment of the Court of Civil Appeals is reversed, and the cause is remanded for that court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.
ALMON, SHORES, INGRAM and COOK, JJ., dissent.