YATES, Presiding Judge.
The Juvenile Court of Hale County entered an order on August 14, 2002, awarding M.S. custody of his two minor stepchildren. On August 28, 2002, E.D.G. (“the father”) filed a postjudgment motion to alter, amend, or vacate the judgment. The father then filed his notice of appeal to this court on January 21, 2003.
On appeal, the father contends that this case was incorrectly styled as a juvenile court proceeding and that his appeal should be treated as an appeal from a circuit court proceeding. He argues that a circuit judge’s involvement in juvenile cases is unusual in Hale County. The father argues that the proceeding was not a juvenile court proceeding governed by the Alabama Rules of Juvenile Procedure; rather, he argues that the Alabama Rules of Civil Procedure govern the proceeding.
In Alabama, both juvenile courts and circuit courts have original jurisdiction with respect to child-custody issues raised in actions in those respective courts’ jurisdiction. See Ex parte Lipscomb, 660 So.2d 986 (Ala.1994). Here, the father’s notice of appeal was untimely filed under Rule 4 of the Alabama Rules of Appellate Procedure whether the action was a juvenile court proceeding or a circuit court proceeding. If the action was a juvenile court proceeding, his notice of appeal should have been filed no later than September 25, 2002; if the action was a circuit court proceeding, the father would have had to perfect an appeal on or before January 7, 2003. The father’s notice of appeal filed on January 21, 2003, is untimely whether the case is treated as a juvenile court proceeding or as a circuit court proceeding; therefore, it is not necessary to determine whether the trial court was acting as a juvenile court.
Because the father’s notice of appeal was untimely filed, this court lacks jurisdiction; therefore, the appeal is dismissed. See Rule 2(a)(1), Ala. R.App. P.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur.
PITTMAN, J., concurs in the result.