DONALDSON, Judge.
This, appeal involves a challenge to the jurisdiction of a circuit court in a divorce proceeding to enter an order regarding the custody of a child not born of the marriage but who is in the legal custody of the parties pursuant to a judgment of a juvenile court. Daniel E. Hornbuckle (“the husband”) appeals from an order of the Jefferson Circuit Court, Bessemer Division (“the circuit court”), denying his motion for relief pursuant to Rule 60(b), Aa. R. Civ. P., from a judgment divorcing him from Lynette Hornbuckle (“the wife”). We affirm the order.
On March 8, 2011, the wife filed a complaint in the circuit court seeking a divorce from the husband. The wife stated in the complaint that the only child born of the marriage was an adult at the time the complaint was filed. The wife further stated in the complaint that the parties had been granted custody of A.J. (“the child”), the wife’s great-niece, by a 2007 judgment of the Jefferson Juvenile Court, Bessemer Division (“the juvenile court”), in which the child had been found to be dependent (“the juvenile-court judgment”). The wife did not specifically request custody of the child in the complaint, but she requested that the husband be ordered to pay child support. The husband filed an answer and a counterclaim for a divorce on April 8, 2011, in which he requested custody of the child, among other things.
The circuit court entered a judgment of divorce on June 25, 2013 (“the divorce judgment”). In the divorce judgment, the circuit court, among other things, granted sole legal custody and sole physical custody of the child to the wife, granted the husband visitation rights with the child, and ordered the husband to pay child support to the wife in the amount of $511 per month for the benefit of the child.
On December 22, 2015, the husband filed a motion pursuant to Rule 60(b)(4), Aa. R. Civ. P. (“the Rule 60 motion”), seeking to set aside certain aspects of the divorce judgment on the basis that the circuit court had lacked subject-matter jurisdiction to enter a judgment in the divorce case addressing issues pertaining to custody, visitation, and support of the child. The husband contended that the divorce judgment had improperly modified the juvenile-court judgment, because, he said, the juvenile court had had exclusive continuing jurisdiction to enforce and modify the juvenile-court judgment. The husband argued that the circuit court did not share concurrent jurisdiction with the juvenile court to make decisions regarding the custody of the child because the child was not born of the parties’ marriage and because the child’s biological parents, who maintain visitation rights with the child,. “have a right to be notified and participate in any custodial changes of the child.” The wife filed a response to the Rule 60 motion on February 24, 2016, and, on that same day, the circuit court held a hearing on the Rule 60 motion. On March 3, 2016, the circuit court entered an order denying the Rule 60 motion. The husband filed a timely notice of appeal to this court on March 24, 2016. See Banks v. Estate of Woodall, 129 So.3d 294, 297 n. 4 (Ala.Civ.App.2013)(“[T]he denial of a Rule 60(b) motion is a separately appealable judgment.”).
On appeal, the husband contends that the provisions of the divorce judgment pertaining to custody, visitation, and support of the child are void because, he says, the circuit court lacked subject-matter ju *227 risdiction to rule on issues relating to custody of the child. The husband contends that, under the Alabama Juvenile Justice Act, Act No. 2008-277, Ala. Acts 2008, codified at. § 12-15-101 et seq., Ala.Code 1975, (“the AJJA”), the juvenile court had continuing exclusive jurisdiction to modify the custody provisions of the juvenile-court judgment and that, therefore, the circuit court did not have concurrent jurisdiction to make determinations relating to custody of the child.
The issue of subject-matter jurisdiction cannot be waived and may be raised at any time. Ex parte Punturo, 928 So.2d 1030, 1033 (Ala.2002). “As a nullity, a void judgment has no effect and is subject to attack at any time.” Ex parte Full Circle Distribution, L.L.C., 883 So.2d 638, 643 (Ala.2003).
“The standard of review on appeal from an order granting [or denying] relief under Rule 60(b)(4), Ala. R. Civ. P. (‘the judgment is void’), is not whether the trial court has exceeded its discretion. When the decision to grant or to deny relief turns on the validity of the judgment, discretion has no field of operation. Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988). ‘If the judgment is void, it is to be set aside; if it is valid, it must stand.... A judgment is void only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process.’ Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala.1978) (emphasis added).”
Id. at 641.
We first examine the pertinent provisions of the Alabama Code that authorize the circuit courts and the juvenile courts to exercise jurisdiction over matters involving child custody. A circuit court hearing a divorce case has authority to enter a judg-
ment pertaining to the custody of children of the marriage. Section 30-3-1, Ala.Code 1975, provides:
“Upon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother, as may seem right and proper, having regard to the moral character and prudence of the parents and the age and sex of the children; ’and pending the action; may make such orders in respect to the custody of the children as their safety and well-being may require. But in cases of abandonment of the husband by the wife, he shall have the custody of the children after they are seven years of age, if he is a suitable person to have such charge.”
Under § 12-15-114(a), Ala.Code 1975, a part of the AJJA, “[a], juvenile court shall exercise exclusive original jurisdiction of juvenile court proceedings in which a child is alleged ... to be dependent.In dependency cases, a juvenile court has jurisdiction to determine issues of custody and child support. See § 12-15-314(a) and (e), Ala.Code 1975. Section 12—15— 102(15), Ala.Code. 1975, provides that a person granted custody of a child in a dependency case becomes the “legal custodian” of the child. That section specifically defines the term “legal custodian” as “[a] parent, person, agency, or department to whom legal custody of a child under the jurisdiction of the juvenile court pursuant to this chapter has been awarded by order of the juvenile court or other court of competent jurisdiction.” Section 12-15-102(16) defines the term “legal custody” as
“[a] legal status created by order of the juvenile court which vests in a legal custodian the .right to have physical- custody of .a child under the jurisdiction of the juvenile court pursuant to this chapter and the right and duty to protect, train, and discipline the child and to *228 provide the child with food, shelter, clothing, education-, and medical care, all subject to the powers, rights, duties, and responsibilities of the legal guardian of the person of the child and subject to any residual parental rights and responsibilities. A parent, person, agency, or department granted legal custody shall exercise the rights and responsibilities personally, unless otherwise restricted by the juvenile court.”
Pursuant to § 12-15-117, Ala.Code 1975, also a part of the AJJA, a juvenile court exercises continuing jurisdiction over cases in which a child has been adjudicated dependent. Section 12-15-117, in pertinent part, provides:
“(a) Once a child has been adjudicated dependent, delinquent, or in need of supervision, jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction by explicitly stating in a written order that it is terminating jurisdiction over the case involving the child. Nothing in this section is intended to affect the initial and continuing jurisdiction of juvenile courts over cases other than delinquency, dependency, or in need of supervision cases as provided in Sections 12-15-114, 12-15-115, 12-15-116, or any other statute by which jurisdiction was initially lawfully invoked.
[[Image here]]
“(c) In any case over which the juvenile court has jurisdiction, the juvenile court shall retain jurisdiction over an individual óf any age to enforce or modify any prior orders of the juvenile court unless otherwise provided by law and also shall retain jurisdiction for the enforcement or modification of any prior orders of the juvenile court requiring the payment of fines, court costs, restitution, or other money ordered by the juvenile court until paid in full.”
In the present case; pursuant to § 12-15-114, the juvenile court entered the juvenile-court judgment in 2007 finding the child to be dependent and granting custody of the child to the husband and the wife. Pursuant to § 12-15-117, the juvenile court maintained continuing jurisdiction to enforce or modify the juvenile-court judgment. In the pleadings in the divorce case, which were filed in 2011, however, both parties asked the circuit court to decide the custody of the child and both parties invoked the jurisdiction of the circuit court under § 30-3-1 to make determinations pertaining to the custody of the child. The issue this court must resolve is •whether the circuit court shared concurrent jurisdiction with the juvenile court to address issues of custody, visitation, and child support relating to the child or whether those issues were within the exclusive continuing jurisdiction of the juvenile court to enforce and modify the juvenile-court judgment pursuant to § 12—16— 117.
The husband contends that the juvenile court never terminated its jurisdiction over the dependency case in the juvenile-court judgment as is permitted by § 12-15-117, and that, accordingly, the juvenile court still retains jurisdiction over the matter. The wife contends that the juvenile court terminated its jurisdiction in the juvenile-court judgment by stating that the case was “closed.” The husband has attached a purported copy of the juvenile-court judgment to his appellate brief, but, because that judgment is not in the record, it cannot be considered. See Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala.2007)(quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991))(observing that *229 “ ‘ “[attachments to briefs are not considered part of the record and therefore cannot be .considered on appeal” ’ ”). Because the juvenile-court judgment is not in the record, this court is unable ascertain whether the juvenile court terminated its jurisdiction, pursuant to § 12-15-117, in the juvenile-court judgment. Accordingly, the record does not contain sufficient evidence for this court to reverse the circuit court’s order denying the husband’s Rule 60(b) motion based on this issue.
The husband also argues that, because the parties are not parents of the child, § 30-3-1 did not authorize a circuit court to make a custody determination regarding the child because the child is not a “[child] of the marriage.” However, our supreme court has held that the circuit court’s jurisdiction to decide matters relating to child custody in divorce cases can extend to nonparents of a child who have been granted custody of that child. In Ex parte Lipscomb, 660 So.2d 986 (Ala.1994), our supreme court stated:
“Ordinarily, the circuit court in a divorce action may award custody ‘of the children of the marriage to either father or mother, as may seem right and proper,’ § 30-3-1; however, because the well-being of minor children is of paramount interest to the state, the circuit court also has jurisdiction to decide custody matters where nonparents are involved. Ex parte Handley, 460 So.2d 167 (Ala.1984).”
660 So.2d at 989. “[T]his court is bound by the decisions of our supreme court. Ala.Code 1975, § 12-3-16. We are not at liberty to overrule or modify those decisions. [Thompson v. Wasdin, 655 So.2d 1058 (Ala.Civ.App.1995).]” TenEyck v. TenEyck, 885 So.2d 146, 158 (Ala.Civ.App.2003). Thus, adhering to the supreme court’s binding decision in Ex parte Lipscomb, we cannot reverse the order denying the husband’s Rule 60(b) motion on the basis that the child is not a child of a marriage under § 30-3-1.
The husband notes that, before the adoption of the AJJA, former § 12-15-30, Ala.Code 1975, set forth the parameters of the jurisdiction of the juvenile courts over dependency matters. That statute provided, in pertinent part:
“(a) The juvenile court shall exercise exclusive original jurisdiction of proceedings in which a child is alleged to be delinquent, dependent or in need of supervision.
“(b) The court shall also exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
“(1) Proceedings to determine custody ... of a child when the child is otherwise before the court. This provision, however, shall not be construed to deprive other courts of the right to determine the custody ... of children when such custody ... is incidental to the determination of cases pending in those courts.”
(Emphasis added.) Former § 12-15-30 has been superseded by § 12-15-114. The husband contends that there is no provision in the AJJA stating that a circuit court exercises concurrent jurisdiction with a juvenile court over matters relating to child custody. He states that the final sentence in former § 12-15-30(b)(l) relating to the right of other courts to make custody determinations was not incorporated into § 12-15-114 or elsewhere in the AJJA, as adopted and as amended; thus, he contends that under the AJJA a circuit court is restricted from making determinations pertaining to custody of a child in a divorce case when a juvenile court has previously entered a custody judgment arising from a case in which the child was found to be dependent. Since the adoption *230 of the AJJA in 2008, this court and our supreme court have recognized instances where a juvenile court and a circuit court shared concurrent jurisdiction, over matters involving custody of a child. See, e.g., Winford v. Winford, 139 So.3d 179, 182-83 (Ala.Civ.App.2013), and A.G. v. Ka.G., 114 So.3d 24, 26 (Ala.2012).
Furthermore, despite the.removal of the statutory language concerning concurrent jurisdiction of courts to rule on matters pertaining to custody that appeared in former § 12—15—30(b)(1), our supreme court noted in Ex parte Lipscomb, supra, that a circuit court’s equity power provides the circuit court with inherent authority to make determinations regarding custody when a child is before the circuit court. In Ex parte Lipscomb, the parties to a divorce case before a circuit court had been granted temporary custody of their grandchild by a judgment of a juvenile court. In the divorce complaint, the grandfather requested the circuit court to grant custody of the grandchild to the grandmother and to order him to pay child support. The circuit court entered a judgment granting the grandfather’s requests. The grandfather then appealed to this court, arguing that he was a nonparent of the grandchild and that the circuit court had erred in ordering him to pay child support. This court reversed the judgment, holding that the grandfather no longer had a duty to support the grandchild once the divorce was granted. Lipscomb v. Lipscomb, 660 So.2d 984, 986 (Ala.Civ.App.1993) On cer-tiorari review, the supreme court stated that the grandfather , had “a legal duty to support that arises from the legal custody of the child that he sought and obtained in the juvenile court.” Ex parte Lipscomb, 660 So.2d at 988. Citing the language of former § 12—15—30(b)(1), which was still in effect at the time, the supreme court recognized that “the juvenile court and the circuit court may have concurrent jurisdiction over custody matters under certain circumstances.” Id. at 989. The supreme court stated that, in addition to invoking the jurisdiction of the circuit court by asking it to grant custody to the grandmother and to order him to pay support, the grandfather also had a legal duty to support the grandchild because he was the legal custodian of the grandchild. In concluding that the circuit court had jurisdiction to make a determination on matters pertaining to custody of the grandchild, the supreme court stated:
“The circuit court’s jurisdiction to do so is derived from the principles of equity; where a child is physically present within the jurisdiction of a circuit court in this state, the court has inherent authority to act to protect the welfare and best interests of the child. [Ex parte] Handley[, 460 So.2d 167 (Ala.1984)]. A party need not specifically invoke the circuit court’s inherent jurisdiction; rather, any pleading showing on its face that the welfare of a child requires an order with respect to its custody and support is sufficient to invoke the jurisdiction of the circuit court to settle the matter. Handley. Once the circuit court’s jurisdiction is thus invoked, any matter affecting a child may become the subject of its. adjudication. Handley.”
Ex parte Lipscomb, 660 So.2d at 989.
Although the AJJA no longer contains language explicitly stating that a juvenile court’s exclusive original jurisdiction over dependency matters does not “deprive other courts of the. right to determine the custody ... [of a child] when such .custody ... is incidental to the determination of cases pending in those courts,” former § 12—15—30(b)(1), our supreme court recently determined that the omission from the AJJA of other jurisdictional language that had existed in a precursor statute did not indicate that the legislature had in *231 tended to alter the traditional boundaries of jurisdiction between the circuit courts and the juvenile courts. See Ex parte L.J., 176 So.3d 186, 192 (Ala.2014)(holding that “[i]t is ... unlikely that the legislature intended to foreclose a parent from filing a termination petition against another parent” in the juvenile court by omitting from the AJJA language that appeared in former § 12—15—30(b)(6), Ala. Code 1975, which granted the juvenile courts exclusive jurisdiction over all termination-of-parental-rights proceedings). Accordingly, we conclude that the omission from the AJJA of the language regarding concurrent jurisdiction previously found in former § 12-15-30(b)(l) does not deprive a circuit court of subject-matter jurisdiction over matters pertaining to custody of a child who has been previously adjudicated dependent by a juvenile court. Instead, when a juvenile court has made a custody determination involving a child in a dependency case, a circuit court can, based on binding supreme court precedent, properly exercise jurisdiction over the custody of a child pursuant to § 30-3-1, in a subsequent divorce case and, pursuant to its equity powers, make a custody determination involving the child.
As legal custodians of the child, the husband and the wife both have “a legal duty to support that arises from the legal custody of the child that [they] sought and obtained.” Ex parte Lipscomb, 660 So.2d at 988. Like the grandfather in Ex parte Lipscomb, the wife and the husband, as legal custodians of the child, invoked the circuit court’s concurrent jurisdiction over the issues of custody, visitation, and support in the divorce case. Neither of the parties objected to the circuit court’s exercising jurisdiction over the issues of custody, visitation, and support before the circuit court entered the divorce judgment. “‘Unless there is objection, even though one court has assumed jurisdiction of a matter, another court with concurrent authority may act in the same matter.’” P.R.G. v. W.P.B., 590 So.2d 913, 914 (Ala.Civ.App.l991)(quoting Sheffield v. Sheffield, 350 So.2d 1056, 1058 (Ala.Civ.App.1977)). Accordingly, the circuit court correctly denied the Rule 60 motion.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS and MOORE, JJ., concur in the result, without writings.