WRIGHT, Presiding Judge.
Timothy and Debra Burt were divorced in May 1984. Custody of their child, Steven, was given to Debra, with Timothy receiving reasonable visitation rights. After a disagreement between the parties concerning visitation, Debra filed a Petition for Modification and Temporary Injunction, seeking to restrict Timothy’s visitation rights. Timothy did not answer the petition, nor did he appear at the hearing in which the judge entered a default judgment against him, thereby terminating his parental rights. Timothy filed a Motion for Relief from Judgment pursuant to Rule 60(b), Alabama Rules of Civil Procedure, which was denied. It is from this denial defendant appeals.
An appeal from denial of a motion for relief under Rule 60(b), A.R.Civ.P., does not bring up for review the correctness of the final judgment at trial. Instead, only the question of the propriety of the judgment denying the Rule 60(b) motion is considered. Our examination is limited to determining whether there was an abuse of discretion. Gallups v. United States Steel Corp., 353 So.2d 1169 (Ala.1978).
Rule 54(c), A.R.Civ.P., mandates that a judgment by default is limited to the relief demanded in the complaint. The plaintiff prayed for, in pertinent part of her complaint, as follows:
“That the court modify the final judgment heretofore entered in this action to strike therefrom the Defendant’s reasonable visitation privileges with the parties’ said minor child, Steven Randall Burt, and that the court substitute for such provision an order specifically denying such visitation privileges from Defendant.”
In response, the lower court, in its judgment, struck from the original judgment the provision of reasonable visitation and substituted the following provision:
“The wife is the sole parent and permanent custodian of the parties’ minor child, Steven Randall Burt, and the Husband is denied any visitation privileges and is severed from all parental rights over said minor child, whatsoever.”
The order was entered as a default judgment and was therefore subject to the Rule 54(c) mandate. Termination of parental rights differs greatly from mere restriction of visitation rights. Proceedings to terminate parental rights are specifically denominated by statute. §§ 12-15-50 to 76, Code of Alabama 1975. Such proceeding is ordinarily brought in juvenile court under the statute. In such cases the statute requires specific procedure and determinations by the court. The court must find from clear and convincing evidence that a child is dependent and requires the protection of the court. The court must also determine whether there exists any viable alternative to termination of the parent’s custodial rights. In re Hickman, 489 So.2d 601 (Ala.Civ.App.1986). We perceive no reason that a circuit court sitting in equity should do any less. The court below exceeded the relief requested. The Rule 60(b) motion should have been granted insofar as the judgment “severed all parental rights over said minor child.” Therefore we reverse the judgment of dismissal and direct granting of the Rule 60(b) motion to the extent set out therein.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.