BRADLEY, Presiding Judge.
This is a child custody and termination of parental 'rights case.
Thomas and Mary Childree (paternal uncle and aunt) petitioned the Juvenile Court of Russell County for permanent custody of Ashley Brooke Childree. Tony Childree (father) consented to the change of custody but Laurie C. Parker (mother) did not consent to a change of custody. After an ore tenus proceeding the court terminated all of the parental rights of the mother and the father of Ashley. The mother appeals.
The mother contends on appeal that the court did not have clear and convincing evidence sufficient to support termination of her rights and further asserts the court abused its discretion in terminating parental rights pursuant to a custody proceeding.
The right to maintain family integrity is a fundamental right and is protected by the United States Constitution’s due process requirements. Buckhalter v. Department of Pensions & Security, 484 So.2d 1119 (Ala.Civ.App.1986). Termination of a parent’s rights to a child is an extreme and drastic measure. Wishinsky v. State Department of Human Resources, 512 So.2d 122 (Ala.Civ.App.1987). The proceedings for termination of parental rights are specifically delineated in sections 12-15-52 and -65, Code 1975. These requirements include a petition that sets forth with specificity the facts constituting dependency. § 12-15-52(c)(l), Code 1975. Further, the parties shall be advised of their rights and the specific allegations of the petition. § 12-15-65(b), Code 1975.
In the instant case the petition requested permanent custody and did not include a request for termination of parental rights. There were no factual allegations of dependency. The record does not indicate any notice to the mother that her parental rights were a subject of the custody dispute. This court, in a similar case involving visitation rights pursuant to a custody situation, stated that an equity court must follow the procedures set out in sections 12-15-50 through -76, Code 1975, prior to termination of parental rights. Burt v. Burt, 497 So.2d 151 (Ala.Civ.App.1986). The petition must set forth allegations sufficient to inform the parties of the nature of the proceeding. Miller v. Alabama Department of Pensions & Security, 374 So.2d 1370 (Ala.Civ.App.1979). The petition in the instant case was not sufficient to inform the mother of the nature of the remedy fashioned by the court. The mother was not afforded appropriate due process which is required for a termination of her rights to her child. For this reason the judgment of the trial court is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.