592 So.2d 605 (1991)
Bobby JONES
v.
Esther Faye WILLIAMS.
Civ. 7868.
Court of Civil Appeals of Alabama.
February 27, 1991.
As Modified on Denial of Rehearing April 11, 1991.
Demetrius C. Newton, Birmingham, for appellant.
J. Scott Vowell of Vowell & Meelheim, Birmingham, for appellee.
RUSSELL, Judge.
This is an appeal by Bobby Jones (father) from an order by the trial court increasing child support to $475 per month, which support is to continue while Darlene Williams (child) is enrolled in college but not to extend past the child's twenty-third birthday. The father appeals. We affirm.
The dispositive issue is whether the trial court erred in ordering the father of a child *606 born out of wedlock to contribute to the child's college education after the child reaches majority.
At the outset we note that, when a marriage has been terminated by divorce, the trial court has jurisdiction to require parents to provide post-minority support for a college education. Ex parte Bayliss, 550 So.2d 986 (Ala.1989).
The record discloses that the child was born to Esther Faye Williams (mother) on March 25, 1972, and that the father was adjudicated to be the child's father on February 20, 1973. He was ordered to pay $43.75 per month as child support. In October 1977 the child support was increased to $20 per week, and the father was required to include the child as a named insured under his medical and hospital insurance policy.
On September 13, 1989, the mother filed the present petition to modify. Testimony and evidence was heard by the court referee, who ordered the father to pay $350 per month as child support, with the payments to continue until the child reaches the age of majority, or until age 21, if the child attends an accredited college. The father appealed the referee's order to the trial judge.
Based on the record of the hearing as recorded before the referee and a written stipulation of fact submitted by the parties, which revealed that the father earns $3,535 per month, the trial judge set the child support at $475 per month until the child reaches the age of 19 on March 25, 1991. After the child reaches the age of 19, the father is to pay $475 for each month that the child is enrolled in college, but no later than the child's twenty-third birthday, for educational needs, including tuition, books, food, transportation, clothing, and other necessaries for the child's welfare.
The father contends that the trial court erred in awarding post-minority support for college for a child in a case not involving divorce. To support his contention, he directs this court to Ex parte Bayliss, 550 So.2d 986, wherein the supreme court refers to requiring the payment of post-minority support for college education to children of a "marriage that has been terminated by divorce." The eminent trial judge was aware of the Bayliss limitation, as noted in her order from which we quote, in pertinent part, with approval and adopt as our own.
"This court has reviewed the recorded hearing held before Referee Agnes Chappell on January 4, 1990. Based on same, the court finds that the child herein is eighteen years of age, living with her mother, and is a senior at Ramsay High School in Birmingham, Alabama. The child will graduate in the fall of 1990 with excellent grades, after participating her senior year in a cooperative education program in which she works twenty hours each week for a local furniture store and attends high school. The child plans to attend the University of Alabama in Birmingham seeking her degree in accounting.
"....
"Upon appeal of the Referee's decision to this court, the parties filed with this court a Stipulation of Fact regarding the income of the father and the imputed income of the mother.
"The Plaintiff is seeking an increase in child support pursuant to the Alabama Child Support Guidelines, including extraordinary medical expenses for orthodontic work for the child, and for said child support to be extended in order to provide for child's college education.
"In the case of Bayliss v. Bayliss, 550 So.2d 986 (Ala.1989), the Supreme Court of Alabama defined the duty of child support owed by a non-custodial divorced parent to include, in certain circumstances, sums for college education to be paid after the child reaches the age of majority. In the case before this court, Plaintiff asks that this same rule be applied to children born out of wedlock but legitimated through a paternity proceeding....
"The Alabama Uniform Parentage Act, § 26-17-1, et seq., Code of Alabama, 1975, in § 26-17-2 & -3 defines a `parent and child relationship' as the legal relationship between a child and natural or *607 adoptive parents. These sections extend that relationship equally to every child of a natural parent, regardless of marital status of the parent. In § 26-17-14, the statute provides for support of a child and § 26-17-8 provides for past support due before the commencement of an enforcement of support action. This section specifically includes `education' as one liability owed to a child by a parent.
"In the case before this court, the application for support was made before the child reached her age of majority. The financial resources of the father are such that he is able to assist in providing a college education for a child who has a good academic record, has worked to provide for herself a part of her high school education, and fully intends to earn her college degree. She is a mature and responsible child, often assisting her mother and grandmother in tending for her seriously ill grandfather."
The Supreme Court of Alabama in Bayliss stated that the trial court must derive jurisdiction to provide post-minority support for college education for a child of a marriage terminated by divorce from the absence of restrictive language in Ala.Code 1975, § 30-3-1, and then found that the trial court has such jurisdiction. Section 30-3-1 states that "[u]pon granting a divorce, the court may give the custody and education of the children of the marriage to either father or mother...." There is no reference to minor children contained in the section.
In State ex rel. Harris v. Harris, 559 So.2d 66 (Ala.Civ.App.1990), this court recently held that the inclusion of the word "minor" in § 38-10-2(a)(3), Ala.Code 1975, of the Child Support Act specifically limited its application to minor children.
Although the trial court addressed the Alabama Uniform Parentage Act, §§ 26-17-1 through -21, Ala.Code 1975 (UPA), and its application to the present case, we are compelled to elaborate on its import regarding this issue. The UPA extends the parent and child relationship equally to every child, regardless of the parents' marital status. § 26-17-3. Further, the trial court is given the authority to determine support payments after paternity has been established, § 26-17-14, and "the obligation of the father may be enforced by the mother, the child, the public authorities that have furnished or may furnish the reasonable expenses of pregnancy, confinement, education, or support, or by any other person...." § 26-17-15 (emphasis supplied). In addition, the father's liability for past education and necessary support is limited to a period of two years preceding the filing of an enforcement action. § 26-17-8. Nowhere in the statute is there the restrictive limitation indicated by the use of the word "minor." Therefore, we find that the language of these sections clearly indicates an intention that the father have liability for reasonable expenses for the education of the child. We further find that the absence of restrictive language provides the trial court with jurisdiction to require the father of a child born out of wedlock to provide to the child post-minority support for a college education in a manner and to the extent of the requisites established in Bayliss.
The father also contends that the child is not dependent and that the trial court erred in awarding support and college support. To support this contention, he alleges that she holds down a job, drives a car for which she partially paid, and assists her grandparents in the operation of a boarding house business. Our review of the record discloses that the child works part-time through a cooperative education program, that her grandfather assisted her in buying the car, and that she spent time with her grandparents helping care for her sick grandfather. The father cites no authority that gives these criteria as an indication that the child is not dependent, and we find none. Therefore, we find that the child continues to be dependent and in need of support.
Additionally, the father contends that the trial court erred in increasing the amount of child support and college support beyond that ordered by the referee when the court did not hear the evidence and that the trial court erred in awarding college support *608 when none was requested in the mother's petition to modify. However, he cites no legal authority to support these contentions; therefore, they will not be considered by this court. Rule 28(a)(5), Alabama Rules of Appellate Procedure; Barnhill v. Barnhill, 516 So.2d 725 (Ala.Civ. App.1987).
Although the father does not contest the amount of college support granted by the trial court, we note that the trial court's order indicates that the trial court considered the primary relevant factors enumerated in Bayliss, 550 So.2d 986, 987, which are "the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education."
Based on the above, we find that this case is due to be affirmed.
The mother has requested an attorney's fee for representation on appeal. A fee of $400 is hereby granted.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.
ROBERTSON, Presiding Judge, dissenting.
I respectfully dissent.
The trial court found that Ex parte Bayliss, 550 So.2d 986 (Ala.1989), should be expanded to apply to children born out of wedlock but legitimated through a paternity proceeding. I cannot agree that Bayliss is applicable here.
Also, I cannot agree that the Alabama Uniform Parentage Act in any way "provides the trial court with jurisdiction to require the father of a child born out of wedlock to provide to the child post-minority support for a college education in a manner and to the extent of the requisites established in Bayliss." Therefore, I respectfully dissent.