This is an appeal of the trial court's order denying relief sought pursuant to Rule 60(b), Alabama Rules of Civil Procedure.
In July 1990, the Jefferson County Department of Human Resources (DHR) filed its petition in juvenile court, alleging that L.R., age three months, was dependent due to neglect and failure of the mother (C.L.W.) to provide adequate food, clothing, care, etc. Counsel was appointed and a shelter care hearing was held before a referee. The child was thereafter released to C.L.W., provided that C.L.W. meet certain conditions, and that DHR supervise custody. On August 28, 1990, the guardian ad litem requested an immediate hearing, alleging that C.L.W. had moved and had not complied with the conditions of the prior order. Thereafter, DHR moved for a change of custody and for C.L.W. to be held in contempt in that she violated conditions *Page 307 
of her custody because neither C.L.W. nor L.R. could be found. Ultimately, temporary custody was granted to DHR pending trial. Based on an alleged agreement of the parties, the trial court issued an order on November 16, 1990, finding the child to be dependent pursuant to Ala. Code 1975, § 12-15-1(10). The trial court placed the custody of L.R. with DHR, and ordered C.L.W. to enter counseling, to enter and complete parenting skills classes, to be subject to random drug and alcohol screening, and to maintain stable housing. The case was set for judicial review on February 11, 1991.
On November 30, 1990, C.L.W.'s counsel filed a motion requesting increased visitation over the Christmas holidays. On December 7, 1990, the court ordered DHR "to use its best efforts to allow mother increased visitation during holiday season." On that same day, counsel for C.L.W. filed a motion for relief from the November 16, 1990, order finding dependency. Counsel asserted, inter alia, 1) that no hearing occurred on November 16, 1990, but that a pre-trial hearing was held on November 8, 1990; 2) that at no time did he stipulate to the issue of dependency; 3) that he was in another court and spoke to the parties only by telephone; and 4) that another member of the firm, who was not familiar with the case, was present on his behalf at the pretrial conference. On December 14, 1990, a hearing was held on that motion. At that hearing, there was testimony regarding the stipulation of the parties and the written pretrial assessment was introduced into evidence, purporting to show a stipulation of dependency. C.L.W.'s counsel and the "stand-in" member of the same firm denied there was a stipulation regarding the issue of dependency. The parties stipulated that another witness would testify that according to her recollection, there was a stipulation as to dependency. The court denied the motion; hence, this appeal.
We note at the outset that there was no appeal of the order finding dependency. This is an appeal from a denial of a post judgment motion, thus the correctness of the judgment of dependency is not before us. McLeod v. McLeod, 473 So.2d 1097
(Ala.Civ.App. 1985).
Relief under Rule 60(b), A.R.Civ.P., is an extreme remedy and is not available to relieve a party from his or her failure to exercise the right of appeal. Hobbs v. Hobbs, 423 So.2d 878
(Ala.Civ.App. 1982). The grant or denial of such a motion is within the sound discretion of the trial court, and our examination on appeal is limited to determining whether there was an abuse of that discretion. Burt v. Burt, 497 So.2d 151
(Ala.Civ.App. 1986); Smith v. Clark, 468 So.2d 138 (Ala. 1985); McLeod, supra.
The record contains conflicting evidence whether there was a stipulation of dependency. Because of the wide discretion afforded the trial court to grant or deny Rule 60(b) relief, it is not palpable error for the trial court to deny a Rule 60(b) motion where there is a conflict in testimony regarding essential facts. Musgrove v. Musgrove, 423 So.2d 881
(Ala.Civ.App. 1982).
We duly note the mother's concern regarding the effect of the finding of dependency in its relation to the termination of parental rights; however, the trial court's order contains specific instructions how C.L.W. can reunite with her child. Termination of parental rights is reserved for those extreme cases where there is no alternative.
Based on the foregoing, the judgment of the trial court denying relief from the judgment is due to be, and is, hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 308