YATES, Judge.
Annette Jackson is the mother of a child born February 8, 1974. On April 15, 1976, Richard Long was adjudged to be the father of that child. Annette Jackson and Richard Long were never married.
In May 1976, Richard Long was ordered to pay child support in the amount of $65 per month. The mother filed a petition for modification in July 1986, which was granted, increasing child support to $140 per month. It further ordered the father to be “responsible for one-half of all reasonable and necessary medical, dental and optical expenses *674 incurred for the benefit of the minor child not covered by insurance.”
The mother filed another modification petition in May 1992, requesting that the father be ordered to contribute to the costs of the child’s college education. A hearing was held before a referee and an order was issued on September 18, 1992, wherein the father’s child support obligation was increased from $140 per month to $364 per month. Further, “when [the] child turns 19 child support shall be $100 p/month for a quarter or semester he is enrolled] full time in college.” In response to the father’s request for rehearing, the trial court issued an order finding as follows:
“1. That the Referee did not have jurisdiction to increase the amount of child support to be paid by Mr. Long to Mrs. Jackson inasmuch as the Petition to Modify did not pray for such relief.
“2. That the Order increasing child support from $140 per month to $364 per month (from October 1992 until January 1993) is hereby set aside.
“3. That this Court finds that Mr. Long has a moral and legal obligation and ability to assist in the college expenses of the parties’ child ... (now age 18), beyond said child’s nineteenth birthday. Mr. Long shall pay child support of $140 per month for each month of every year that said child is a full-time student with passing grades in college or a university. Such payments shall continue through the summer months even though said child may not be enrolled in summer school. Said payments shall continue so long as the child is a full-time college student but for no longer than four years from the date of this Order. Mrs. Jackson shall provide documentary proof to Mr. Long each quarter or semester that said child is a full-time, enrolled student and is making passing grades. Said payments shall be made through the Support Division of the Circuit Clerk’s Office of Montgomery County, Alabama.”
A separate “Order of Continuing Income Withholding for Support” was issued with each order.
The father appeals, contending that the trial court erred in finding that he was financially able to contribute to the child’s college education. He bases his contention on the fact that he has retired since the hearing held by the referee. He claims that, because of this decrease in income, he will be caused to suffer undue financial hardship.
The record revealed that the mother’s monthly gross income from her employment with the Macon County schools is $2,380 and that the father’s monthly gross income before retirement was $2,780.29. The father testified that his monthly gross income after retirement was $1,135, that he receives $400 per month as a city councilman, and that the children living with him contribute $50 each every two weeks to pay bills and buy food. He testified that he received $8,237.67 at the time of his retirement, as an incentive, and that at the time of the hearing he had $4,500 of this amount remaining in his checking account. Further, he stated that he owns cattle with a value of approximately $3,000 to $3,500.
When evidence is presented to the trial court ore tenus, its judgment is presumed correct and this court will not reverse that judgment absent an abuse of discretion. Lee v. Lee, 608 So.2d 1383 (Ala.Civ.App.1992). It has been determined that a trial court has jurisdiction to “award sums of money out of the property and income of either or both parents for the post-minority education of a child of that dissolved marriage, when application is made therefore.” Ex parte Bayliss, 550 So.2d 986, 987 (Ala.1989). In the present case, the parties were never married. The principle in Bayliss has been extended to provide the same opportunity to children bom out of wedlock. Jones v. Williams, 592 So.2d 605 (Ala.Civ.App.1991). The factors to be used in determining whether to award Bayliss support include “the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education.” Bayliss, 550 So.2d at 987. We find in this case that these factors were properly applied and that the award is supported by the testimony and evidence submitted by the parties.
*675 It appears from the record that the father deliberately and voluntarily reduced his income as soon as his child support obligation was increased, in that the employer’s answer-to the income withholding statement stated the order was received by it on October 1, 1992, and the father retired effective October. 2,1992. “In making determinations concerning child support, the trial court considers the present ability of the parent to pay for the present needs of the child and is not allowed to speculate on future ability or need.” Johnson v. Johnson, 597 So.2d 699, 701 (Ala.Civ.App.1992). The Johnson case determined that child support should be based on the demonstrated ability to earn, rather than a deliberate choice to reduce income. “We find the general principles concerning child support to be equally applicable to a Bayliss motion for postminority college support.” Berry v. Berry, 579 So.2d 654, 656 (Ala.Civ.App.1991).
As to the father’s argument of undue hardship, “[t]he use of the term ‘undue hardship’ does not mean without any personal sacrifice. Most parents who send their children to college sacrifice to do so.” Thrasher v. Wilburn, 574 So.2d 839, 841 (Ala.Civ.App.1990). Based on the father’s income, expenses and property values, we do not believe that post-minority support of $140 per month would create an undue financial hardship.
The father also argues that the trial court awarded post-minority support without sufficient evidence as to the amount reasonably necessary for the child’s college expenses. We find sufficient evidence in the record relating to the college expenses.
We hold that the trial court did not abuse its discretion in ordering post-minority support for the college education of the child, and the trial court’s order of November 3, 1992, is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.