THIGPEN, Judge.
In June 1988, the State of Alabama ex rel. Helen Mae Smith (mother) filed a complaint against Tommy Edwards (father) in the Family Court of Jefferson County, Alabama, alleging Edwards to be the father of Smith’s child, who was born in 1986. The record reflects service of process by certified mail. Following a hearing held in August 1988, which the father did not attend, the trial court found Edwards to be the father, and it ordered him to pay $25 per week as child support, beginning August 12, 1988. In January 1992, the State filed a contempt petition against the father, alleging an arrearage of $4,325 as of December 11, 1991. In April 1992, a referee conducted a hearing, at which the father was represented by counsel. The parties entered an agreement, which the court ratified on April 21, 1992. Based on that agreement, the court entered the following order:
“By agreement of the parties, defendant pleads true to contempt and is sentenced to Jefferson County Jail. Sentence suspended conditioned upon the faithful payment of $166.00 per month plus an additional $80.00 per month to be applied to the arrearage owed the complainant of $4750.00.”
Although a copy of a motion is not within the record, the case action summary discloses that the father’s attorney, on May 28, 1992, filed a motion to set aside the judgment. After a hearing, the court denied that motion on June 26, 1992. On July 8, 1992, the father’s attorney filed a notice of appeal, stating, inter alia, that the father had not been given notice of the August 10, 1988, *35 hearing, and that he had not been given notice of the adjudication of paternity. The father further denied any knowledge of the paternity action and averred that he was not the father of the child. Following a hearing, the following entry was made and signed by the family court judge on the case action summary:
“On motion of defendant’s attorney, appeal dismissed. Case reset in 30 days for determination of contempt purge by defendant. Pretrial 10/8/92 at 9:00 a.m., trial week of 10/13/92.”
The matter was subsequently heard on November 3, 1992, at which time the father’s attorney' sought permission to withdraw. That motion was granted, and the matter was reset. Although another attorney later appeared for the father, he filed a motion to withdraw in December 1992, asserting that the father had requested his withdrawal, and that the father had decided to proceed pro se. In January 1993, a hearing was held wherein both parties were present, and testimony was taken. Thereafter, the father was found to be in willful contempt of the prior orders of the court, and he was committed to jail until he purged himself of contempt. The matter was set for review on February 16, 1993. On January 26, 1993, the father’s new counsel filed a “Motion in the Form of a Writ of Habeas Corpus,” seeking the father’s release from jail. Following oral argument, the court denied that motion on February 16, 1993; however, the trial court noted that the father had paid $500 on February 9, 1993, and it ordered his release from jail and the payment of another $500 on or before April 15, 1993.
On that same date, the father’s attorney filed a modification petition alleging a material change in circumstances, specifically that the father was incarcerated and unemployed, and alleging that when he was released, he would resume his job as a “casual mechanic on call” or as a brickyard employee. In March 1993, the father filed another motion to set aside the judgment of paternity and a motion for a blood test to establish paternity. In his motion to set aside the judgment, the father asserted that he “arrived too late in the [mother’s] life to have been the father of her child.” Additionally, the motion stated that the father “was under the impression that the [mother] had abandoned any intentions of treating him as the child’s father after they parted company in 1988.” Additionally, the father denied “that he withdrew his Motion to Establish Paternity filed in 1992.” After this motion to set aside was denied in April 1993, the father appealed to the circuit court, and on May 13, 1993, he filed a “Motion to Stay the Distribution of Funds Pending the Adjudication of Paternity.” The State’s motion to dismiss was granted on March 1, 1994; hence, this appeal.
On appeal, the father contends that he is entitled to a blood test as a matter of law inasmuch as he has not admitted paternity and the parties were not married. Additionally, he asserts that this court should remand this cause for blood testing or other scientific tests, pursuant to 1994 Ala. Acts No. 94-633 (Reg. Session). This Act was not in effect at the time of the trial court’s order, and that issue was not raised in the trial court. Thus, this issue is not properly before us on this appeal. See Bechtel v. Croum Central Petroleum Corp., 451 So.2d 793 (Ala.1984).
A trial court’s ruling on a Rule 60(b), A.R.Civ.P., motion is entitled to a presumption of correctness, and appellate review is limited to determining whether the trial court abused its discretion in denying the motion. Buchanan v. Collier, 571 So.2d 1068 (Ala.1990).
While the record in this case is not a paradigm of clarity, it is pivotal to note that the record reveals that this is the second time the father has sought to be relieved of the paternity judgment via a Rule 60(b) motion. The first motion for relief from the judgment was filed in May 1992, denied in June 1992, and appealed to the circuit court. The record reflects that the appeal was subsequently dismissed on the father’s own motion. While the father now insists that his former attorney did not withdraw his appeal, this court is bound by the record on appeal, which may not be altered by statements in briefs. Hardy v. State ex rel. Chambers, 559 So.2d 63 (Ala.Civ.App.1990). Thus, the record indicates that the March 1993 motion was substantially the same motion that had been denied in June 1992. Therefore, the *36 only issue on appeal is whether the trial court properly denied the father’s second Rule 60(b) motion.
“ ‘[T]he only matter reviewable on appeal in this instance is the order of the denial itself. Thus, neither the merits nor the correctness of the underlying judgment nor matters properly brought on appeal may be examined in this review. We are limited solely to determining whether the trial court abused its discretion in denying [Rule] 60(b) relief.’ ”
Transcall American, Inc. v. Comtel-Birmingham, Inc., 571 So.2d 1051, 1052 (Ala.1990). (Citations omitted.)
The father had already presented the same issues to the trial court in the Rule 60(b) motion that had been denied. The record clearly discloses that the father did not pursue his appeal from the denial of that motion, but, instead, he filed a subsequent Rule 60(b) motion seeking the same relief. As stated by our Supreme Court in Transcall, “We will not allow a subsequent Rule 60(b) motion to substitute for an appeal; to do so would only prolong litigation.” Transcall at 1052.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.