This is a divorce case.
In October 1993, after approximately 26 years of marriage, Patricia W. Pruitt filed a complaint for divorce from Otis L. Pruitt, alleging, among other things, incompatibility, an irretrievable breakdown of the marriage, and adultery on the part of the husband. She sought custody of their three minor children, two of whom were adopted grandchildren, a division of the property, and periodic alimony. The father answered, contending that it would be in the best interest of their 15-year old minor child for custody to be placed with him, and that custody of their two adopted grandchildren should be awarded to the mother.[1]
Following ore tenus proceedings, the trial court divorced the parties, awarded custody of the three minor children to the mother, ordered the father to pay child support in the amount of $936 per month, divided the marital property, and reserved the issue of periodic alimony. Thereafter, pursuant to the mother's postjudgment motion, the trial court entered an additional order, and, among other things, increased the child support to $1148.66 per month, awarded the marital residence to the mother, and ordered the father to assume certain debts. The father's post-judgment motion was denied, and he appeals.
The father's only issue is whether the trial court erred in applying the child support guidelines, pursuant to Rule 32, Ala.R.Jud.Admin., to an adoptive grandfather.
It is well established that when a trial court receives ore tenus evidence in a divorce proceeding, its judgment is presumed to be correct if it is supported by the evidence.Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989). Absent an abuse of discretion, this court is not permitted to substitute its judgment for that of the trial court. Beckwith v. Beckwith,475 So.2d 575 (Ala.Civ.App. 1985).
The father contends in brief that the adoption of the two grandchildren "creates an imposable, but not automatic, duty of support," *Page 933 
citing Kernop v. Taylor, 628 So.2d 707 (Ala.Civ.App. 1993), to support his argument. The father testified that the children were, in fact, legally adopted; however, the father also stated that the only reason that he adopted the children was to enable him to provide them with health insurance. In his postjudgment motion, the father stated, in pertinent part:
 "The specific error complained of is that it is error to include the adopted children in computing child support, the evidence being that these children were adopted solely for the purpose of providing health insurance to them and that they were still being provided for by their mother who never relinquished actual physical control over these children."
The father also argues that the child support guidelines are only presumed to be correct, and that the amount of support is rebuttable if it produces an unjust, inequitable, or unfair result. He argues that the application of Rule 32, Ala.R.Jud.Admin., was not appropriate in this case, and that he should be required only to provide health insurance for the adopted children. We find his argument, however, to be unpersuasive.
According to Ala. Code 1975, § 26-10A-29(a), "[a]fter adoption, the adoptee shall be treated as the natural child of the adopting parent or parents and shall have all rights and be subject to all of the duties arising from that relation, including the right of inheritance." Furthermore, the child support guidelines are binding in all relevant actions and are presumed to render the correct amount of child support. See Rule 32, Ala.R.Jud.Admin. If the trial court determines that the application of the guidelines would be "manifestly unjust or inequitable," a written finding to this effect on the record is sufficient to rebut the presumption. Rule 32(A)(ii), Ala.R.Jud.Admin. In setting an amount of child support, the trial court is guided by the mandatory application of the guidelines, but its award is still committed to the sound discretion of the trial court and that court's decision in this regard will not be disturbed on appeal absent a finding that the award is a palpable abuse of discretion. Belser v. Belser,558 So.2d 960 (Ala.Civ.App. 1990).
The mother argues that "[f]rom reading Rule 32(A) there appears to be no distinction between natural children of a marriage and adopted children of a marriage." We agree. There is simply no evidence in the record offered by the father to rebut the presumption that the application of the child support guidelines was appropriate, and we cannot say that the trial court abused its discretion in ordering him to pay child support according to the guidelines established by Rule 32, Ala.R.Jud.Admin.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
The mother's request for an attorney fee is granted in the amount of $2,250.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] Regardless of the adoption, our Supreme Court has indicated that a custodial grandparent who invokes the jurisdiction of the court for a determination regarding the matters of custody and support of children may be ordered to do that which he would not be otherwise legally bound. See Ex parte Lipscomb,660 So.2d 986 (Ala. 1994).