728 So.2d 144 (1996)
STATE of Alabama ex rel. G.M.F.
v.
W.F.F.
2950647.
Court of Civil Appeals of Alabama.
December 6, 1996.
Rehearing Denied May 30, 1997.
*145 William Prendergast and Mary E. Pons, asst. attys. gen., Department of Human Resources (filed appellant's original brief); J. Coleman Campbell and Lois Brasfield, asst. attys. gen., Department of Human Resources (filed appellant's reply brief), for appellant.
Jacob A. Walker III of Walker, Hill, Adams, Umbach, Meadows & Walton, Opelika, for appellee.
MONROE, Judge.
G.M.F., the mother, and W.F.F., the father, were divorced in August 1983. G.M.F. was awarded custody of T.V.F., the only child born during the marriage, and W.F.F. was ordered to pay child support.
Nearly nine years later, in March 1992, W.F.F. filed a "joint motion to amend the divorce decree" on the ground that G.M.F. had told him he was not the child's father. In an affidavit dated March 17, 1992, G.M.F. said that W.F.F. was not the father of the child; that she had no objection to W.F.F.'s being relieved of the child support obligation; and that she had contacted the Department of Human Resources to try to collect child support from the child's biological father. She also said that she had no objection to blood tests being conducted to establish paternity.
Whether the trial court ruled on that motion is unclear; however, five months later, in August 1992, W.F.F. filed a motion to set aside the divorce judgment pursuant to Rule 60(b), Ala. R. Civ. P. This motion also was based on G.M.F.'s disclosure that W.F.F. was not the child's father. The State Department of Human Resources intervened and opposed W.F.F.'s motion. The State moved for a summary judgment on the ground that the doctrine of res judicata prevented the relitigation of a final paternity judgment. The trial court denied the State's motion for a summary judgment and ordered the parties to submit to blood tests. The State petitioned this court for a writ of mandamus, which was denied. The State then petitioned the Alabama Supreme Court, which granted the writ and held that the 1983 divorce judgment was a judicial determination of paternity that qualified for res judicata finality. Ex parte State ex rel. G.M.F., 623 So.2d 722 (Ala.1993). The Supreme Court also held that G.M.F.'s affidavit was inadequate to justify the granting of extraordinary relief under Rule 60(b); and furthermore, the court said, the nine-year delay in seeking relief from the judgment was an unreasonable delay. Id.
After the Supreme Court issued its opinion, the State filed a contempt petition against W.F.F., alleging nonpayment of support. W.F.F. filed a renewed petition for relief pursuant to Rule 60(b), claiming that he was entitled to reopen the matter of paternity based upon the newly enacted legislative act appearing at § 26-17A-1 et seq., Ala.Code 1975, which allows a paternity case to be reopened if there is scientific evidence that proves that a man who has been adjudicated the father of a child is in fact not the child's father.
After a hearing, the trial court granted W.F.F.'s motion. The court found that W.F.F. was not the father of the child and held that no arrearage was due from W.F.F. The State appeals.
The State contends that the trial court erred by setting aside the paternity adjudication in the divorce judgment. Specifically, the State argues that the trial court erred in using § 26-17A-1 et seq. to reach its *146 decision in this case. Section 26-17A-1 reads in pertinent part:
"(a) Upon petition of the defendant in a paternity proceeding where the defendant has been declared the legal father, the case shall be reopened if there is scientific evidence presented by the defendant that he is not the father. The court shall admit into evidence any scientific test recognized by the court that has been conducted in accordance with established scientific principles or the court may order a blood test, or a Deoxyribose Nucleic Acid test of the mother, father, and child. Whenever the court orders a test and any of the persons to be tested refuse to submit to the test, the fact shall be disclosed at the trial, unless good cause is shown."
The State says that the statute allows only a defendant who had been adjudicated the father in a prior paternity proceeding to reopen the paternity case. Because this is a divorce case in which the father has failed to pay child support, and because there has never been a paternity action brought or tried, the State says, the statute does not apply. We disagree.
As the Supreme Court held in Ex parte State ex rel. G.M.F., supra, the 1983 divorce judgment was a judicial determination of paternity. W.F.F. had no reason to question that determination of paternity until the child's mother informed him he was not the child's father. The record shows that blood tests were conducted on W.F.F., G.M.F., the child, and the man G.M.F. now alleges is the father, D.W. The results showed that W.F.F. was not the child's fatherthat in all probability, D.W. was the child's biological father.
This is not a case in which reopening the paternity issue will leave the child "fatherless." While we share the State's concerns regarding the welfare of the child and the integrity of the family unit, in this case the child is well aware of who her biological father is. She visits D.W. and he has acknowledged that she is his child. The child was not quite a year old when W.F.F. and G.M.F. were divorced. Everyone involved is aware of his or her relationship with the others involved in this case; however, the State insists on perpetuating an injustice in which it would have the man who is undisputedly not the father continue to pay support for the child, while ignoring the man who is in fact the child's father. To require W.F.F. to continue to pay child support for a child who is not hisespecially when the identity of the biological father is known, and he is still a part of the pictureis morally reprehensible. This case involves the kind of injustice the Legislature was trying to remedy in enacting § 26-17A-1. See K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App.1995). The trial court did not err in relying on § 26-17A-1 to set aside the prior judgment determining paternity.
The State again argues that the father's delay in bringing the Rule 60(b) motion was unreasonable and cites the Supreme Court's opinion holding that the father's delay was unreasonable. However, we note that the Supreme Court's opinion was released before the Legislature enacted § 26-17A-1 et seq. Since that time, in a case involving § 26-17A-1, this court has held that a delay of 11 years after the initial adjudication of paternity before seeking Rule 60(b) relief was not an unreasonable delay. State ex rel. AT., 695 So.2d 619 (Ala.Civ.App. 1995). See also, Ex parte State ex rel. McKinney, 567 So.2d 366 (Ala.Civ.App.1990) (motion for Rule 60(b) relief filed 12 years after initial adjudication of paternity was filed within a reasonable time).
When W.F.F. and G.M.F. were divorced, W.F.F. apparently had no reason to doubt that he was the child's father. However, nine years later, when G.M.F. told W.F.F. that he was not the child's father, W.F.F. petitioned the court to modify the divorce judgment. In July 1993, the former husband and wife, the child, and the alleged father had blood tests conducted. The results of the tests, which excluded W.F.F. from being the child's father and showed that the alleged father was in all probability the child's biological father, were before the trial court.
Relief under Rule 60(b) is an extreme remedy to be granted only in extraordinary circumstances. The grant or denial of such a motion is within the sound discretion of the *147 trial court, and our review is limited to determining whether there was an abuse of that discretion. C.W. v. State Department of Human Resources, 590 So.2d 306 (Ala.Civ.App. 1991). Our review of the record shows that the trial court did not abuse its discretion in modifying the divorce judgment pursuant to Rule 60(b) to set aside the prior adjudication of paternity.
The State also argues that, even if the court was correct in setting aside the paternity judgment, it erred in ruling that no arrearage was due. W.F.F. argues, however, that he is entitled to be relieved of the child support obligation pursuant to Rule 60(b)(5), Ala. R. Civ. P.
Rule 60(b)(5) reads: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."
Rule 60(b)(5) applies "only when new facts or new law arises after the original judgment is entered, rendering prospective application of the judgment inequitable." Pollard v. Etowah County Commission, 539 So.2d 225, 227 (Ala.1989). In this case, new law, the adoption of the act appearing at § 26-17A-1 et seq., entitled W.F.F. to relief from the prior judgment. Since 1992, W.F.F. has tried to work through the system to be relieved of his child support obligation, and the mother, G.M.F., has tried to get the State to hold the biological father responsible for child support. Instead, the State has ignored the facts and has clung to a legal fiction that requires W.F.F. to be responsible for the child support. Because W.F.F. is not the child's father, and because the identity of the child's father is known and the father holds the child out as his own, it is no longer equitable that the judgment requiring W.F.F. to pay child support have prospective application. "Whether to grant or deny relief under Rule 60(b)(5) or (6) is within the discretion of the trial judge, and the trial court's decision will not be reversed except for an abuse of that discretion." Pollard v. Etowah County Commission, 539 So.2d 225, 227 (Ala.1989). Because of the extraordinary circumstances of this case, we cannot say that the trial court abused its discretion in granting W.F.F. relief under Rule 60(b)(5) from his child support obligation.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY, J., concurs in the result.
THIGPEN, J., dissents.
CRAWLEY, Judge, concurring in the result.
In 1993, our supreme court held that W.F.F. was not entitled to Rule 60(b) relief from the divorce judgment because the evidence he presented "was intrinsically inconclusive and because [he] waited nine years to ask for a reevaluation of paternity." Ex parte State ex rel. G.M.F., 623 So.2d 722, 724 (Ala.1993).
The evidence W.F.F. presented in support of his most recent 60(b) motion is not inconclusive. It conclusively establishes that he is not the father of the child. I therefore believe that W.F.F. is entitled to Rule 60(b) relief, and I concur in the result of the majority's decision to affirm the trial court's judgment granting that relief.
I do not agree with Judge Thigpen's position that § 26-17A-1 applies only to "defendants" in former paternity proceedings. In K.M. v. G.H., 678 So.2d 1084 (Ala.Civ.App. 1995), a majority of this court held that the legislative purpose behind the statute was to remedy the injustice of requiring one who was not the biological father of a child to support that child. That purpose is not served by affording relief arbitrarily only to those men aligned as party defendants in prior proceedings. I think § 26-17A-1 uses the phrase "the defendant in a paternity proceeding," descriptively, rather than restrictively. That is, I believe the legislature intended the phrase to identify males who *148 had been adjudicated fathers in previous judicial proceedings, and not to identify the required party alignment of those males.
I continue to believe that § 26-17A-1 is unconstitutional. See K.M. v. G.H., 678 So.2d at 1089-97 (Crawley, J., dissenting). In my opinion, the statute violates the separation of powers provisions of the Alabama Constitution by mandating a new trial for men in W.F.F.'s position. I think the grant of a new trial is essentially a judicial function, and the legislature has no power to order a court to grant a new trial. A court already has the power, under Rule 60(b), to grant relief from a judgment for compelling reasons. The legislature oversteps its constitutional authority, I think, by requiring a court to do what the principles underlying Rule 60(b) and res judicata forbid.
I concur in the result of this affirmance only because I believe Rule 60(b) authorizes the relief granted.
THIGPEN, Judge, dissenting.
Because I would reverse the trial court's judgment, I must respectfully dissent. It does not appear to me that this case falls within the purview of Ala.Code 1975, § 26-17A-1. That section seems to permit a defendant in a paternity proceeding to reopen the case under certain circumstances. This action involves a paternity adjudication in a divorce action. The record contains a copy of W.F.F.'s complaint for divorce, wherein he, as plaintiff, acknowledged that the child was born of the marriage and submitted the parties' agreement regarding, inter alia, W.F.F.'s willingness to accept the legal responsibility for this child. Similar to the grandfather in Ex parte Lipscomb, 660 So.2d 986, 989 (Ala.1994), "in his complaint for divorce, [W.F.F.] himself asked the court to provide for the custody and support of the minor child, ... he thereby invoked its jurisdiction to order him to pay this support."
This court has faced the situation on numerous occasions wherein a putative father has deliberately chosen to acknowledge paternity and accept the legal responsibility for a child rather than seek the truth when the opportunity was provided. The law has always been clear that res judicata bars relitigation of paternity in those cases. See, for example, Ex parte W.J., 622 So.2d 358 (Ala. 1993), and the numerous cases listed therein.
In this case, when W.F.F. petitioned for divorce, he voluntarily sought and received a court's order for him to accept the legal and financial responsibilities for this child. Our Supreme Court has previously determined that he is bound by his choice. Ex parte State ex rel. G.M.F., 623 So.2d 722 (Ala. 1993). I am not unsympathetic to the reality that W.F.F. has now obtained blood tests, which exclude him as this child's biological father; however, prior to that information, he freely and deliberately chose to accept the legal responsibility for this child as a part of the divorce he sought. In 1993, our Supreme Court refused to accept his plea for relief as extraordinary, stating that "nine years is an unreasonably long delay" and that his action was barred by res judicata. Ex parte State ex rel. G.M.F., 623 So.2d 722, 724 (Ala.1993). Ala.Code 1975, § 26-17A-1, as written, simply does not apply to W.F.F., who has not been a "defendant" in a paternity proceeding; therefore, this court continues to be bound by the 1993 decision of our Supreme Court in this matter. Ala.Code 1975, § 12-3-16. Once again, this court is confronted with a situation wherein "the time has come for the recognition and identification of the distinctions between a legal father and a biological father and the rights and responsibilities that flow from those relationships." State ex rel. A.T. v. E.W., 695 So.2d 619, 624 (Ala.Civ.App. 1995) (Thigpen, J., dissenting.)[1]
Additionally, I have concerns regarding the arrearage and would instruct the trial court on remand to determine W.F.F.'s arrearage based upon earlier and binding orders.
NOTES
[1] At the time of this writing, a petition for a writ of certiorari had been granted and was pending in the Supreme Court.